## Greco v. Vulcan Smithing Coal Company

BOOSE, P. J., December 29, 1932.—This is an appeal by the defendant from an order of the Workmen's Compensation Board, filed August 31, 1932, directing the defendant to pay to the claimant's counsel, Samuel R. De Francesco, the sum of $250 presently as a counsel fee in said case.

From the record, it appears that Samuel R. De Francesco represented the claimant and succeeded in obtaining an order of compensation for the claimant. On May 21, 1932, said counsel, with his associate, presented a petition to the Workmen's Compensation Board requesting that an order be made against the defendant directing it to pay the sum of $250 as counsel fee and the sum of $55.75 for expenses incurred. Thereupon the board, on July 2, 1932, made the following order:

"Now, July 2, 1932, the petition of Samuel R. De Francesco for allowance of attorney's fee in this case, is approved in the sum of $250. The defendant, Vulcan Smithing Coal Company, is directed to pay the said sum of $250 to the said Samuel R. De Francesco, out of compensation payable to the claimant, deductions to be made at the rate of $2 per week, beginning with the next instalment of compensation due after receipt of this order, and continuing for a period of 125 weeks."

Subsequent to the aforesaid order, it appears from the record, that the board on August 31, 1932, made the following supplemental order:

"Comes now Samuel R. De Francesco, upon petition for allowance of a reasonable attorney's fee in the above-stated cause, and having been read and considered and it appearing to the board that the sum of $250 for services and costs is reasonable in this behalf, the Vulcan Smithing Coal Co., defendant, is directed to pay to the said Samuel R. De Francesco, Esq., the full sum of $250 and to deduct from the award payable to the claimant the sum of $2 per week until the same shall be fully satisfied."

This appeal challenges and denies the power of the Workmen's Compensation Board to order the payment of counsel fee presently and in advance of

the payment of compensation to the claimant in periodical instalments as provided by law. It has been represented to the court by very able and reputable counsel for the defendant that notwithstanding the order of the board made on July 2, 1932, counsel for the claimant requested that payment of counsel fee be made presently, whereupon the defendant in compliance with said request paid to claimant's counsel the sum of approximately $236, the present worth or commuted value of the said amount of counsel fee, and that the same has been paid, received, and accepted by counsel for the claimant. It thus appears that the amount involved in this appeal is approximately $14 as counsel fees to the claimant's counsel. The amount involved would not justify this opinion; but to avoid the establishment of a precedent which may confront the defendant and other insurance carriers in the future we shall declare the law applicable to the powers of the Workmen's Compensation Board in this respect, as we understand it. The powers of the board are purely statutory. It has no inherent authority or powers not conferred by the statute under which it exists. The power conferred upon the board with respect to the payment of claimant's counsel fees is to be found in section 501 of the Act of June 2, 1915, P. L. 736 which provides, in part, as follows:

"No claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation, under article three of this act, shall be an enforceable lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by the Board. Any such claim or agreement shall be filed with the Bureau, which shall, as soon as may be, notify the person by whom the same was filed of the Board's approval or disapproval thereof, as the case may be.

"After the approval as herein required, if the employer be notified in writing of such claim or agreement for legal services and disbursements, the same shall be a lien against any amount thereafter to be paid as damages or compensation: Provided, however, That where the employe's compensation is payable by the employer in periodical installments, the Board shall fix, at the time of approval, the portion of each installment to be paid on account of legal services and disbursements."

The board having made an order directing that the claimant's compensation should be paid in perodical instalments, it had no power or authority to make the supplemental order dated August 31, 1932, from which this appeal was taken, accelerating the payment of the entire amount of counsel fes by directing that it be paid presently in a lump sum. Such an order places the claimant's counsel in a more favorable position than the claimant himself and creates a preference for counsel over claimant. The act distinctly provides "that where the employe's compensation is payable by the employer in periodical instalments, the Board shall fix, at the time of approval, the portion of each instalment to be paid on account of legal services and disbursements." We know of no power in the board to order and direct the payment of counsel fee in any other manner, time, or amount, unless compensation to the claimant should be commuted, which has not been done in the present case.

### Decree

And now, December 29, 1932, the supplemental order made by the Workmen's Compensation Board on August 31, 1932, directing the payment of the entire amount of claimant's counsel fee presently is reversed and set aside.

From Mrs. Daryle R. Heckman, Somerset, Pa.